UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:16CR150 (MPS) |
| FRANK PINA | : | November 7, 2016 |

# DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT

Frank Pina, the Defendant, hereby files the following formal objections to the Presentence Report (PSR), and the use of his statements at sentencing. On October 28, 2016, the Defendant requested an adjournment of the sentencing hearing, indicating that he needed time for the defense to meet and effectively prepare for sentencing. The preparations would include continued defense meetings, developing witness investigations for the sentencing hearing and filings the appropriate sentencing submissions. Despite the defense's numerous sentencing preparation meetings, the Defendant was unable to convey any objections to the PSR.

However, on or about October 28, 2016, after fully discussing and comprehending the government's basis and reliance for its upward departure request, the Defendant, now clarifies the mischaracterizations, and misinterpretations in the following objections. These objections are made for good cause, as indicated above, pursuant to Fed. R. Crim. P. 32(i)(D).

## OBJECTIONS TO PSR

Mr. Pina objects to the following:

PSR, paragraph 9.

> "***Over the next two days***, Mr. Pina sold some of the cocaine/fentanyl mixture on which he overdosed to a number of customers, who believed they were purchasing cocaine. Mr. Pina was unaware that the mixture contained fentanyl, ***but knew the substance was extremely potent and had the potential to cause severe injury***."

First, nowhere in the plea agreement does it indicate "**[O]ver the next two days,"** Mr. Pina sold cocaine. The stipulation of offense conduct and relevant conduct section of the plea agreement specifically offers:

> On or about June 23, 2016, the [d]efendant sold cocaine laced with fentanyl to a number of customers, some of whom overdosed.
>
> *PSR, page 10*

Next, the government's theory that Mr. Pina was released from the hospital and **immediately** flooded the streets with this latest mixture – is unfounded. The fault doesn't lie with the PSR, however, but the government's misinterpretations of what their source said.

> … stated that he (…)got drugs ONE OR TWO DAYS after Pina was out of the hospital.
>
> *Report of Investigation*, 7/5/16

At the time of the interview, the source was unaware how soon after Mr. Pina's hospital discharge, he bought cocaine from Mr. Pina for resale – so the best he could do was say "one or two days after," not as the government would have everyone believe, "[O]ver the next two days." The source's description was taken in real time and more accurately explains when Mr. Pina distributed the cocaine for resale, and moreover, that it occurred over the course of one day. The following underscores:

> …stated that he had met with Pina two times, the first time being when --- received twelve or thirteen twenty dollar amounts of cocaine.
>
> …stated that earlier in the day, he had met with Pina at Pina's residence.
>
> …stated that while meeting with Pina, he "gave back" about eight "twenties" out of thirteen "twenties."
>
> *Report of Investigation*, 8/1/16

PSR, paragraph 9.

> "Mr. Pina was unaware that the mixture contained fentanyl, but knew the substance was extremely potent and had the potential to cause severe injury."

The Court may recall at the plea hearing, the parties discussing whether Mr. Pina was aware the cocaine contained fentanyl; and the parties' representations that Mr. Pina was not aware of that batch of cocaine's toxic mixture. More to the point, Mr. Pina admits to his cocaine overdose, but not to understanding the potency of that particular batch of cocaine. He was not the original source – nor did he package it in the large distribution quantity. Coupled with the fact he sold and recalled the cocaine all within one day – his lack of knowledge is all the more apparent.

PSR, paragraph 10.

> When asked if the substance that was causing several people to overdose was the same substance that made him previously overdose, Mr. Pina responded by "smirking." Mr. Pina also added, "that's shit's tough."

The Defendant does not recall making the gesture or that statement. To the extent the statement was said, it was meant as an affirmation of the cocaine's strength. It was not meant to project indifference to anyone's overdose. The government's ROI underscores this point – as it was Mr. Pina who ordered that … return with the cocaine. Without more from the actual source – this attribution is unreliable.

PSR, paragraph 83.

The threshold for the Court's finding under U.S.S.G. §5K2.1, is not met under the facts in this case. The Defendant will address this more in his reply to the government's sentencing memorandum.

OBEJCTIONS TO THE USE OF DEFENDANT'S STATEMENTS

Mr. Pina has not contradicted any of his previous statements. He admits his criminal conduct. He never admitted selling cocaine over the course of two days. And, he never admitted to understanding the strength of the cocaine caused his hospitalization – just that he was hospitalized as a result of a cocaine overdose. Moreover, the toxicology report did not test for fentanyl.

Respectfully submitted,

THE DEFENDANT,
Frank Pina

FEDERAL DEFENDER OFFICE

Dated: November 7, 2016

/s/ Tracy Hayes__________

Tracy Hayes
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT 06510
Phone: (203) 498-4200
Bar No.: phv06527
Email: tracy_hayes@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 7, 2016, a copy of the foregoing submission was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Tracy Hayes__
Tracy Hayes