UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:16CR150(MPS) |
| | : | |
| v. | : | |
| | : | |
| FRANK PINA | : | November 14, 2016 |

**<u>Response to Defendant's Objections to Presentence Report</u>**

The government respectfully submits this brief response to the defendant's objections to the presentence report (Docket No. 40).  The defendant's primary objection appears to be to the assertion in paragraph 9 of the presentence report that he sold the cocaine/fentanyl mixture over the course of two days, June 22 and 23, 2016.  The evidence the government expects to introduce at the *Fatico* hearing will show that the defendant was discharged from Yale New Haven Hospital around 10:30 a.m. on June 22, 2016, and began selling the cocaine/fentanyl mixture in the early afternoon of June 23, 2016.  Hence, the government does not dispute that the sales occurred on June 23, 2016, and suggests that the relevant language in paragraph 9 be revised to read: "The next day, June 23, 2016, . . . ."

Next, the defendant objects to the assertion in paragraph 9 that he "knew the substance was extremely potent and had the potential to cause severe injury."  This is an inference the Court is permitted to make based on the undisputed fact of the defendant's sale of the same drug mixture that caused his own overdose (regardless of the fact that the defendant did not know the composition of the mixture).  The government thus submits that no factual hearing is necessary on this issue.

1

Finally, the defendant objects to the assertion in paragraph 10 of the presentence report that he "smirk[ed]" and stated "that shit's tough" upon being questioned by his middleman about the overdoses. The government stands by that assertion. Likewise, the government rejects the defendant's contention that, upon learning of the overdoses, he "ordered" that his middleman return with the cocaine/fentanyl mixture. *See* Def. Objs. At 3. The government is prepared to present evidence on these issues at the *Fatico* hearing. However, in light of the absence of any factual dispute as to other issues, including those in paragraph 9 of the presentence report, the government respectfully requests that the scope of the *Fatico* hearing be limited to paragraph 10 of the presentence report, *i.e.*, the defendant's response to learning about the overdoses.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

/s/ *Avi M. Perry*
AVI M. PERRY
ASSISTANT UNITED STATES ATTORNEY
United States Attorney's Office
157 Church Street, 25th Floor
New Haven, CT 06510
avi.m.perry@usdoj.gov
Tel: 203-821-3700
Fax: 203-773-5377
Federal Bar No. phv07156

CERTIFICATE OF SERVICE

      This is to certify that on November 14, 2016, a copy of the foregoing Response to Defendant's Objections to Presentence Report was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/ *Avi M. Perry*
      AVI M. PERRY
      ASSISTANT UNITED STATES ATTORNEY